IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD TANSEY, Derivatively on Behalf of DUKE ENERGY CORPORATION, )<br>)<br>) | | |
| Plaintiff, )<br>)<br>) | | |
| v. )<br>) | | |
| JAMES E. ROGERS, *et al.*, )<br>)<br>) | C.A. No. 12-1049-RGA | |
| Defendants, )<br>)<br>) | | |
| and )<br>) | | |
| DUKE ENERGY CORPORATION, a Delaware corporation, )<br>)<br>)<br>) | | |
| Nominal Defendant. ) | | |
| WARREN PINCHUCK, derivatively on Behalf of DUKE ENERGY CORPORATION, )<br>)<br>) | | |
| Plaintiff, )<br>)<br>) | | |
| v. )<br>) | | |
| JAMES E. ROGERS, *et al.*, )<br>)<br>) | C.A. No. 12-1367-RGA | |
| Defendants, )<br>)<br>) | | |
| and )<br>) | | |
| DUKE ENERGY CORPORATION, a Delaware corporation, )<br>)<br>)<br>) | | |
| Nominal Defendant. ) | | |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF
<u>THEIR MOTION TO STAY PROCEEDINGS</u>**

## Table of Contents

Page

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

    I.    These Actions Should Be Stayed in Favor of the Federal Securities Class Actions. ............................................................................................................................... 2

    II.   These Actions Also Should Be Stayed in Favor of the State Derivative Actions. ... 5

        A.    These Actions and the State Derivative Actions Are Parallel. ..................... 5

        B.    The *Colorado River* Factors Support a Stay of These Actions.................... 8

            1.    Staying These Actions Will Avoid Duplication and Waste............. 8

            2.    The Delaware Court of Chancery Has a Strong Interest in Resolving This Dispute and Will Adequately Protect the Interests of All Parties................................................................................................ 9

            3.    The State Derivative and Securities Class Actions Are Further Advanced than These Actions. ....................................................... 10

CONCLUSION ...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Acierno v. Haggerty,*
  2005 WL 3134060 (D. Del. Nov. 23, 2005) ............................................................................9

*Brenner v. Albrecht,*
  2012 WL 252286 (Del.Ch. Jan. 27, 2012) ..............................................................................4

*Brudno v. Wise,*
  2003 WL 1874750 (Del. Ch. Apr. 1, 2003) .........................................................................3, 4

*City of Austin Police Ret. Sys. v. ITT Educ. Servs., Inc.,*
  2005 WL 280345 (S.D. Ind. Feb. 2, 2005) ..........................................................................3, 5

*Cucci v. Edwards,*
  2007 WL 3396234 (C.D. Cal. Oct. 31, 2007) .....................................................................3, 4

*Dalicandro v. Legalgard, Inc.,*
  2001 WL 1428359 (E.D. Pa. Nov. 14, 2001) ......................................................................7, 8

*E. & J. Gallo Winery v. Encana Energy Servs., Inc.,*
  388 F. Supp. 2d 1148 (E.D. Cal. 2005) ...................................................................................9

*Eurocapital Advisors v. Colburn,*
  2008 WL 401352 (Del. Ch. 2008) ...........................................................................................4

*Filtrol Corp. v. Kelleher,*
  467 F.2d 242 (9th Cir. 1972) ...................................................................................................4

*Gabelli v. Sikes Corp.,*
  1990 WL 213119 (S.D.N.Y. Dec. 14, 1990) ...........................................................................9

*GE Bus. Fin. Servs. Inc. v. Spratt,*
  2009 WL 1064608 (N.D. Ill. Apr. 20, 2009) ...........................................................................8

*In re Cendant Corp. Derivative Action Litigation,*
  189 F.R.D. 117 (D.N.J. 1999) ..................................................................................................2

*In re English Seafood,*
  743 F. Supp. 281 (D. Del. 1990) ............................................................................................10

*In re FirstEnergy Shareholder Deriv. Litig.,*
  219 F.R.D. 584 (N.D. Ohio Jan. 26, 2004) ..............................................................................5

*In re Groupon Deriv. Litig.*,
  2012 WL 3133684 (N.D. Ill. July 31, 2012) .......................................................................... 4

*In re Isolagen Inc., Sec. & Deriv. Litig.*,
  2007 WL 1101278 (E.D. Pa. Apr. 10, 2007) .......................................................................... 2

*In re Walmart Stores, Inc. S'holder Deriv. Litig.*,
  2012 WL 5935340 (W.D. Ark. Nov. 27, 2012) ................................................................... 6, 7

*Int'l Jensen v. Emerson Radio Corp.*,
  1996 WL 494273 (N.D. Ill. Aug. 27, 1996) ............................................................................ 7

*Landis v. North American Co.*,
  299 U.S. 248 (1936) ................................................................................................................ 3

*Lorentzen v. Levolor Corp.*,
  754 F. Supp. 987 (S.D.N.Y. 1990) ......................................................................................... 7

*Markewich ex rel. Medtronic, Inc. v. Collins*,
  622 F. Supp. 2d 802 (D. Minn. 2009) .................................................................................... 2

*Matsushita Elec. Indus. Co. v. Epstein*,
  516 U.S. 367 (1996) ................................................................................................................ 9

*McCreary v. Celera*,
  2011 WL 1399263 (N.D. Cal. Apr. 13, 2011) ........................................................................ 7

*Medema v. Medema Builders, Inc.*,
  854 F.2d 210 (7th Cir. 1988) .................................................................................................. 7

*Riley v. Simmons*,
  45 F.3d 764 (3d Cir. 1995) .................................................................................................. 7, 8

*Rosenblum v. Sharer*,
  2008 U.S. Dist. LEXIS 65353 (C.D. Cal. July 28, 2008) .................................................... 3, 4

*Sample v. Morgan*,
  935 A.2d 1046 (Del. Ch. 2007) ............................................................................................ 10

*Sea Colony Inc. v. Alcan Aluminum Corp.*,
  653 F. Supp. 1323 (D. Del. 1987) ....................................................................................... 5, 9

*Smith ex rel. Apollo Group, Inc. v. Sperling*,
  2012 WL 79237 (D. Ariz. Jan. 11, 2012) ............................................................................... 4

*Sonkin v. Baker*,
  670 F. Supp. 249 (S.D. Ind. 1987) ......................................................................................... 2

*Spring City Corp. v. Am. Bldgs. Co.*,
   193 F.3d 165 (3d Cir. 1999)......................................................................................................8

*Time Warner Cable, Inc. v. USA Video Tech. Corp.*,
   520 F. Supp. 2d 579 (D. Del. 2007)..........................................................................................8

*Winer Family Trust v. Queen*,
   2004 WL 350181 (E.D. Pa. Feb. 6, 2004) ................................................................................3

**RULES AND STATUTES**

15 U.S.C. § 78u-4(b)(3)(B).............................................................................................................3

## PRELIMINARY STATEMENT

A stay of in favor of the federal Securities Class Actions and the State Derivative Actions is plainly warranted. Plaintiffs do not, and cannot, seriously dispute that these last-to-be-filed federal actions center on the very same factual and legal issues as the actions pending in the Western District of North Carolina and the Delaware Court of Chancery. Indeed, Pinchuck concedes that these actions should be stayed in favor of the Securities Class Actions at least through the resolution of any motions to dismiss.

No public or Company interest is furthered by Plaintiffs' strategic efforts to multiply these proceedings. Knowing full well that they had lost the race to the courthouse, Plaintiffs filed their complaints here, claiming to represent the same class of shareholders as the plaintiffs in the six other actions that preceded their filings. If Plaintiffs were truly concerned about the Company they purport to represent, then they would not force Duke to expend resources to defend their claims simultaneously before multiple courts.

In response, Plaintiffs argue that they should be allowed to proceed before this Court, in parallel with the State Derivative Actions, because they have asserted "exclusively federal" claims under the Securities and Exchange Act of 1934 (the "Exchange Act") and sought supposedly greater legal relief than their counterparts in the Court of Chancery. Accepting such arguments, however, would only invite other potential plaintiffs to proceed with duplicative litigation by pleading immaterial variations in a federal complaint. Moreover, Plaintiffs' federal claims may be significantly narrowed, or mooted, by the resolution of the Securities Class Actions, and their state law claims are subsumed by the consolidated action that is currently pending before the Court of Chancery.

## ARGUMENT

At a minimum, Defendants and Pinchuck agree that this Court can and should exercise its discretion to stay these actions until motions to dismiss the Securities Class Actions are resolved. For the reasons set forth in Defendants' opening brief (OB at 12-20), and further below, these actions likewise should be stayed at least until the Court of Chancery has resolved the pending motions to dismiss the State Derivative Actions.[1]

### I.     These Actions Should Be Stayed in Favor of the Federal Securities Class Actions.

Staying these actions until the Securities Class Actions are resolved will simplify the pending derivative litigation. Central to Plaintiffs' derivative claims is the allegation that Duke has been harmed by alleged violations of the federal securities laws.[2] To the extent the Securities Class Actions are resolved, a significant portion, if not all, of these derivative actions will fall away.

Although Tansey ignores the hardship and inequity that will be imposed on Defendants by proceeding here (*Tansey* Opp. at 9 n.10),[3] Pinchuck acknowledges the risk of "bulling ahead

---

[1] The North Carolina Utilities Commission and North Carolina Attorney General have now settled their investigations. *Pinchuck* Opp. at 2 n.1. Accordingly, there is even less reason for these actions to proceed, particularly as Plaintiffs cannot point to any wrongdoing. To the contrary, Duke expressly denies engaging in any impropriety. *See* Jacobs Decl., Ex. A at 3; Ex. B at 3. The good faith judgment of the Board to enter into these settlements also does not subject Defendants to any liability. *Cf. Markewich ex rel. Medtronic, Inc. v. Collins*, 622 F. Supp. 2d 802, 812 (D. Minn. 2009) (reasoning that civil settlements are often business decisions and not admissions of liability). Plaintiffs thus have no basis to recover any costs or expenses incurred by Duke. *See In re Isolagen Inc., Sec. & Deriv. Litig.*, 2007 WL 1101278, at *2 (E.D. Pa. Apr. 10, 2007) ("Courts routinely dismiss claims as premature if the alleged injury is contingent upon the outcome of a separate, pending lawsuit.").

[2] *See, e.g., Pinchuck* Compl. ¶¶ 4, 8, 10, 15-31, 43, 60, 62-81, 43; *Tansey* Compl. ¶¶ 1, 5-7, 11, 18-30, 53-61, 85-86, 104-118.

[3] Tansey cites the seminal decision *Landis v. North American Co.*, 299 U.S. 248, 255 (1936), and suggests that Defendants have ignored it. To the contrary, numerous cases, including those cited by Defendants, have applied *Landis* to stay derivative suits in favor of related securities class actions. *See, e.g., Rosenblum v. Sharer*, 2008 U.S. Dist. LEXIS 65353, at
(Continued . . .)

and causing damage to Duke's litigation position" by proceeding in parallel with the Securities Class Actions, and he admits that it would be entirely improper for a derivative plaintiff to take any "action which ... would harm the Company in the Securities Class Actions." *Pinchuck* Opp. at 14; *see id.* at 15 ("Derivative Counsel in the *Pinchuck* Action agree that they should not take action which would cause Duke to be held liable to others through their efforts.").[4]

For the reasons recognized by Pinchuck, courts considering the interplay between derivative and securities class actions routinely find that derivative claims "cannot be adjudicated in full (or even in large measure) until the [securities class] [a]ction is tried." *Brudno v. Wise*, 2003 WL 1874750, at *4 (Del. Ch. Apr. 1, 2003). *See also Rosenblum*, 2008 U.S. Dist. LEXIS 65353, at *25 (noting that "if [the company] is exonerated in the securities class action, then it is unclear what, if anything, would be left of the derivative action"); *Cucci*, 2007 WL 3396234, at *2 ("If Defendants are successful on the motion to dismiss the Securities Class Action complaint,

---

(... continued)
*23-25 (C.D. Cal. July 28, 2008); *Cucci v. Edwards*, 2007 WL 3396234, at *2 (C.D. Cal. Oct. 31, 2007). Tansey ignores the fact that *Landis* requires "a clear case of hardship or inequity" only *if* there is a fair possibility that the stay will damage someone else. *See Landis*, 299 U.S. at 255. Pinchuck admits, however, that as Duke's purported fiduciaries, Plaintiffs must act in the Company's interest, and are thus helped, not damaged, by a stay. *See* OB at 8-9.

[4] In contrast, Plaintiffs cannot complain of prejudice if these actions are stayed. Plaintiffs have not served discovery requests, and discovery is properly stayed pending the resolution of the motions to dismiss that Defendants will file here. *See* 15 U.S.C. § 78u-4(b)(3)(B); *Winer Family Trust v. Queen*, 2004 WL 350181, at *4 (E.D. Pa. Feb. 6, 2004) (holding that "the PSLRA stay of 'all discovery' encompasses" state law claims). Again, Tansey's own authorities confirm that discovery should not go forward at this point. *See Tansey* Opp. at 8, citing *Smith ex rel. Apollo Group, Inc. v. Sperling*, 2012 WL 79237 (D. Ariz. Jan. 11, 2012) ("The Court finds that discovery should be stayed pending the resolution of any motions to dismiss. Plaintiff has not provided the Court with any reason discovery should proceed on her state law claims, although it would be stayed with regard to her federal securities laws claims."); *City of Austin Police Ret. Sys. v. ITT Educ. Servs., Inc.*, 2005 WL 280345, at *2 (S.D. Ind. Feb. 2, 2005) (observing that the PSLRA automatically stays discovery "unless and until the plaintiffs can survive a motion to dismiss.").

Plaintiffs may have little basis for pursuing this Shareholder Derivative Action").[5] In these circumstances, "the sensible ordering of events is for the ... [securities class] [a]ction to proceed first." *Brudno*, 2003 WL 1874750, at *5.[6]

The *Apollo* decision cited by Tansey is neither controlling nor persuasive. In contrast to the multiple actions pending before four different judges here, the *Apollo* court found that there was no risk of "duplicative and potentially conflicting rulings on the same and overlapping legal and factual issues," given that two related actions were pending before the same court. 2012 WL 79237, at *2. The *Apollo* court also noted that, "Defendants have failed to show any direct conflict, aside from asserting that a conflict exists if the corporation is the Plaintiff in one action and a Defendant in another." *Id.*, at *3. Here, Defendants have demonstrated, and Pinchuck

---

[5] Tansey claims that *Rosenblum* and *Cucci* are distinguishable "because the plaintiffs in these cases effectively did not oppose a stay of the proceedings" and plaintiffs' only federal claim in *Cucci* "was for indemnification from the related actions." *Tansey* Opp. at 10. In fact, the plaintiffs in *Rosenblum* actually opposed the motion to stay, "but" like Tansey, "offered no explanation why granting the stay would cause 'possible damage,'" 2008 U.S. Dist. LEXIS 65353, at *24. Furthermore, Pinchuck concedes that a "time-limited stay" is appropriate, citing both *Cucci* and *In re Groupon Deriv. Litig.*, 2012 WL 3133684 (N.D. Ill. July 31, 2012), with approval. *Pinchuck* Opp. at 15.

[6] *Accord Brenner v. Albrecht*, 2012 WL 252286, at *6 (Del.Ch. Jan. 27, 2012) (staying derivative action in favor of class action even where relief sought by derivative plaintiffs was "only partially contingent on the outcome of the Securities Class Action"). Tansey argues that *Brenner* is inapposite because the standard in Delaware is different than in federal court. *Tansey* Opp. at 9 & n.9. He ignores the fact that Defendants will face clear hardship and unfairness by having to proceed simultaneously in at least three different courts, and that both federal and state courts are guided by the desire for the efficient administration of justice and the avoidance of inconsistent rulings. *See Eurocapital Advisors v. Colburn*, 2008 WL 401352, at *2 (Del. Ch. 2008) (citing *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'ng Co.*, 263 A.2d 281 (Del. 1970); *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (citing *Landis*, 299 U.S. at 254). In addition, Tansey's cite to *In re Cendant Corporation Derivative Action Litigation*, 189 F.R.D. 117, 135 (D.N.J. 1999), is misplaced. In that case, the related securities class action had settled for close to $350 million. In contrast, the Securities Class Actions here have yet to be resolved.

admits, that Duke will suffer concrete harms by proceeding in parallel with the Securities Class Actions. OB at 3, 8-9.[7]

## II. These Actions Also Should Be Stayed in Favor of the State Derivative Actions.

This Court can and should exercise its discretion to stay these actions in order to allow the Court of Chancery to make a binding determination of the adequacy of the proposed stockholder representative in the State Derivative Actions. Under the two-step analysis set forth in *Colorado River* (1) these federal actions are parallel to the state court actions and (2) a balancing of the applicable factors weigh in favor of a stay.

### A. These Actions and the State Derivative Actions Are Parallel.

Two actions are deemed "parallel" when they are substantially similar. OB at 13 (collecting cases). The pending Delaware state and federal derivative actions are parallel because each action has been filed on behalf of the same real party in interest (Duke) against the same core group of defendants (legacy Duke directors),[8] and is centered factually and legally on

---

[7] Tansey also cites *In re FirstEnergy Shareholder Deriv. Litig.*, 219 F.R.D. 584 (N.D. Ohio Jan. 26, 2004) and *ITT Educational Services, Inc.*, 2005 WL 280345 (S.D. Ind. Feb. 2, 2005), as authorities that "have allowed derivative and securities class actions simultaneously." *Tansey* Opp. at 8. Both decisions are inapposite. The issue in *FirstEnergy* was whether the court should enter a protective order staying a derivative action "because the plaintiffs in the securities litigation will have access to the derivative discovery and impermissibly use it to amend their complaint or oppose Defendants' motion to dismiss." *Id.* at 587. The court did not consider whether denying a stay would pose a conflict of interest to the company as a party to both the derivative and class actions. *ITT* is likewise unremarkable, as it merely observed that a stockholder's pursuit of a Section 220 case in Delaware did "not interfere with [the] consideration or disposition of a consolidated federal securities fraud case." 2005 WL 280345, at *6.

[8] These actions are parallel to the State Derivative Actions regardless of the addition of two executives, Lynn J. Good and Steven K. Young (both defendants in the Securities Class Actions). *See Sea Colony Inc. v. Alcan Aluminum Corp.*, 653 F. Supp. 1323, 1326 (D. Del. 1987) (parallel actions not required to be identical, but "substantially similar."). In any event, these executives had no vote in connection with the Board decision at issue in these actions.

the same issues, including whether each plaintiff's failure to make a pre-litigation demand should be excused. OB at 3-7, 13-14.

Plaintiffs argue that these actions are not parallel because they have tacked on "exclusively federal" claims. Yet, Pinchuck and Tansey disregard the fact that this issue disappears if these derivative actions are stayed in favor of the Securities Class Actions. In connection with their Section 14(a) claims, Plaintiffs are attempting to plead and prove, like the plaintiffs in the Securities Class Actions, that the Company made a material misrepresentation or omission in its public filings.[9] The resolution of the Securities Class Actions, which make substantially similar legal assertions based on the very same fact pattern, will therefore likely significantly narrow, if not moot, the issues raised by Plaintiffs' federal claims.

Similarly, Plaintiffs claim that these actions should nevertheless proceed because "the general rule" is that Exchange Act claims are subject to exclusive federal jurisdiction. *Pinchuck* Opp. at 8; *Tansey* Opp. at 13, 15. However, they overlook the reality that federal courts often stay federal actions in favor of a parallel state court action, notwithstanding the presence of one or more exclusively federal claims, including Exchange Act claims. OB at 16-17. Far from "tired logic" (*Tansey* Opp. at 7), numerous decisions recognize that the federal district courts are not powerless to stay exclusively federal claims when doing so would permit the effective coordination of parallel federal and state actions. *See, e.g.*, *In re Walmart Stores, Inc. S'holder Deriv. Litig.*, 2012 WL 5935340, at *4 (W.D. Ark. Nov. 27, 2012) ("In sum, this Court is

---

[9] *Compare Pinchuck* Compl. ¶¶ 4, 30, 58-59; *Tansey* Compl. ¶¶ 3, 52-61, 104-111 *with Nieman* Compl. ¶¶ 3-7, 40-53, 72-81; *Sunner* Compl. ¶¶ 6-9, 74-84, 138-49 and *Craig* Compl. ¶¶ 5-9, 45-53, 72-94. On December 6, 2012, a third derivative complaint, captioned *Gerber v. Rogers, et al.*, C.A. No. 8085-CS, was filed in the Court of Chancery asserting similar claims. *Gerber* Compl. ¶¶ 2, 56-69, 120-132.

confident that Plaintiffs would have the opportunity to fully litigate the issues raised in their section 14(a) claim if this case were stayed in favor of the Delaware action"). That Plaintiffs have strategically asserted Exchange Act claims only underscores the propriety of staying these actions in favor of the Securities Class Actions where such claims may be resolved.[10]

Furthermore, while Pinchuck claims that the Second, Third, and Ninth Circuits follow a "*per se* rule against granting stays in actions involving exclusive federal jurisdiction," *Pinchuck* Opp. at 9, there is in fact no such rule. Rather, district courts within those Circuits exercise significant discretion when determining whether to abstain in such circumstances. *See, e.g., McCreary v. Celera*, 2011 WL 1399263, at *4 (N.D. Cal. Apr. 13, 2011) (abstaining in favor of Delaware state court where "Plaintiff's Exchange Act claim is duplicative of the Delaware plaintiffs' state law claims."); *Dalicandro v. Legalgard, Inc.*, 2001 WL 1428359 (E.D. Pa. Nov. 14, 2001) (granting motion to stay a federal action during the pendency of state liquidation proceedings based on *Burford* abstention principles); *Lorentzen v. Levolor Corp.*, 754 F. Supp. 987, 993-95 (S.D.N.Y. 1990) (abstaining in favor of a state action notwithstanding plaintiff's assertion of exclusively federal claims under Section 10(b) of the Exchange Act).[11]

In *Dalicandro*, for instance, the court distinguished the Third Circuit's decision in *Riley v. Simmons*, 45 F.3d 764, 773 (3d Cir. 1995) (finding plaintiffs' federal securities claims distinct

---

[10] The *Walmart* court's concern "about the possibility that Exchange Act claims were included in Plaintiffs' Consolidated Complaint for purposes of gaining a tactical advantage, securing a separate federal forum, and avoiding consolidation with state actions" is equally troubling here. 2012 WL 5935340, at *4. In contrast, although Pinchuck suggests that Defendants are attempting to "pick their opponent or ... forum" (*Pinchuck* Opp. at 3), Defendants have no preference and take no position on which shareholders or counsel proceed. *See, e.g., Pinchuck* D.I. 32 ¶ 5.

[11] *See also Int'l Jensen v. Emerson Radio Corp.*, 1996 WL 494273, at *4 (N.D. Ill. Aug. 27, 1996) (abstaining in favor of state court, notwithstanding *Medema v. Medema Builders, Inc.*, 854 F.2d 210 (7th Cir. 1988), "because the relationship and nature of the exclusively federal claim and the state law claim are so decisively similar here.").

from state common law fraud claims), on the grounds that "[u]nlike the plaintiffs in *Riley*, Dalicandro has asserted a violation of the anti-fraud provisions of both the federal and the state securities laws," the state securities fraud claim "is functionally equivalent to the federal securities fraud claim," and the state court "will engage in the same inquiry as it would if deciding the federal claim." *Id.*, at *2. Here, there is an even stronger rationale for staying these actions than existed in *Dalicandro*. If Plaintiffs' federal claims are stayed in favor of the Securities Class Actions, then the Western District of North Carolina "will engage in the same inquiry as it would if deciding the federal claim[s]" that Plaintiffs have belatedly asserted under the Exchange Act. *See also GE Bus. Fin. Servs. Inc. v. Spratt*, 2009 WL 1064608, at *2 (N.D. Ill. Apr. 20, 2009) ("Where two federal courts with concurrent jurisdiction are involved ... the movant need not demonstrate compelling need for a stay ... it must demonstrate merely that the stay is appropriate") (internal quotations and citations omitted). *See also Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579, 585 (D. Del. 2007) ("The Third Circuit applies the first-filed rule to litigation that involves the same subject matter, not necessarily the same parties. Where there is federal concurrent jurisdiction over a matter, "the court which first has possession of the subject must decide it.").[12]

**B.  The *Colorado River* Factors Support a Stay of These Actions.**

Plaintiffs cannot rebut the clear evidence that the *Colorado River* factors favor a stay.

1.  Staying These Actions Will Avoid Duplication and Waste.

With the belated filing of these complaints, this Court, the Company and Defendants are

---

[12] In light of the pending Securities Class Actions, this case is distinguishable from *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 170 (3d Cir. 1999), which reversed a district court's order staying both pending federal cases in favor of a state action. Plaintiffs do not offer any reason why these actions must go forward here and now given that the earlier-filed Securities Class Actions, in which other plaintiffs assert claims under the Exchange Act, will proceed.

all forced to divert attention to these actions for no practical reason. *See Acierno v. Haggerty*, 2005 WL 3134060, at *10 (D. Del. Nov. 23, 2005) (dismissing under *Colorado River* because "avoiding piecemeal litigation, weighs heavily in favor of abstention" and "[a]dding a sixth case would only further fragment the dispute resolution processes that are underway"). Plaintiffs' claims have been asserted in multiple state and federal actions, which collectively, seek broad relief for alleged violations of the Exchange Act, breaches of fiduciary duty and waste. *See* OB at 5-7.[13] A stay also is warranted because the resolution of the earlier-filed State Derivative Actions, by settlement or otherwise, may moot Plaintiffs' exclusively federal claims.[14]

        2.        <u>The Delaware Court of Chancery Has a Strong Interest in Resolving This Dispute and Will Adequately Protect the Interests of All Parties.</u>

Plaintiffs cannot justify proceeding with their derivative claims here and now by assuming away the underlying disputes in every derivative action, namely, whether: (i) each plaintiff's failure to make a pre-litigation demand is excused and (ii) the Board exercised valid business judgment. It is undisputed that this threshold demand futility analysis will be decided

---

[13] Tansey incorrectly argues that "the State Derivative Actions do not allege corporate waste claims" (*Tansey* Opp. at 19), ignoring the waste claims pending in the *Raul* action in the Delaware Court of Chancery (*Raul* Compl. ¶¶ 148-51) and the *Krieger* action in the North Carolina Business Court (*Krieger* Compl. ¶¶ 68-71). Moreover, both Plaintiffs entirely ignore the risk of inconsistent rulings between this and other courts. A stay of the derivative actions will avoid any conflict. *See Sea Colony, Inc. v. Alcan Aluminum Corp.*, 653 F. Supp. 1323, 1329 (D. Del. 1987) (finding that stay would "promote comity between federal and state courts by removing the potential for differing results in the two actions.").

[14] The Supreme Court has recognized that Exchange Act claims may be released through the settlement of state court litigation because "there is no 'universal right to litigate a federal claim in a federal district court.'" *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 385 (1996) (citation omitted). The resolution of the State Derivative Actions, involving notice to Plaintiffs and the opportunity to be heard, could result in the release of all claims here. *See E. & J. Gallo Winery v. Encana Energy Servs., Inc.*, 388 F. Supp. 2d 1148, 1157 (E.D. Cal. 2005) ("A settlement in state court that releases claims that are exclusively within the jurisdiction of the federal courts may preclude subsequent action in the federal court") (citation omitted); *Gabelli v. Sikes Corp.*, 1990 WL 213119 (S.D.N.Y. Dec. 14, 1990) (staying exclusively federal claims where a proposed state court settlement would result in their release).

under Delaware law. OB at 15, 19. In response, Plaintiffs attempt to minimize the Court of Chancery's strong interest in deciding such questions. *See In re English Seafood*, 743 F. Supp. 281, 289 (D. Del. 1990) (abstaining from federal jurisdiction because the "state of Delaware has a strong interest in ... the uniform development and application of the statutory scheme that the state legislature and courts have created to regulate [Delaware] corporations"); *Sample v. Morgan*, 935 A.2d 1046, 1048 (Del. Ch. 2007) (stating that Delaware has a "strong interest ... in ensuring that Delaware corporations and their stockholders have access to this court to hold corporate fiduciaries ... accountable for honoring their legal and fiduciary obligations").

        3.      The State Derivative and Securities Class Actions Are Further Advanced Than These Actions.

For the reasons set forth in Defendants' opening brief (OB at 8-12), and Part I, *supra*, Duke and the Director Defendants have moved the Court of Chancery for a stay of the State Derivative Actions in favor of the Securities Class Actions. In the Securities Class Actions, Judge Cogburn appointed lead plaintiffs and counsel on December 14, 2012. In the State Derivative Actions, oral argument on the lead plaintiff and counsel motions will be heard by Chancellor Strine on December 21, 2012, and motions to dismiss the *Rupp* complaint and stay the State Derivative Actions are pending. In sum, the claims asserted here are indisputably being pursued by other shareholders in multiple courts. From the standpoint of judicial economy, it therefore makes sense to await the outcome of the Securities Class Actions and the State Derivative Actions, and then determine what, if anything, remains to be litigated here.

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' opening brief, Defendants respectfully request that the Court stay these actions in favor of the federal Securities Class Actions and the State Derivative Actions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Susan W. Waesco*
A. Gilchrist Sparks, III (#467)
Kenneth J. Nachbar (#2067)
Susan W. Waesco (#4476)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Defendants James E. Rogers, Michael G. Browning, G. Alex Bernhardt, Sr., Ann Maynard Gray, James T. Rhodes, James H. Hance, Jr., William Barnet, III, Philip R. Sharp, Daniel R. DiMicco, John H. Forsgren, E. James Reinsch, Lynn J. Good and Steven K. Young, and Nominal Defendant Duke Energy Corporation*

OF COUNSEL:

Steven M. Bierman
Erica S. Malin
Jackie A. Lu
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300

December 20, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to all registered participants including:

> Blake A. Bennett
> Cooch and Taylor P.A.
> The Brandywine Building
> 1000 N. West Street, 10th Floor
> P.O. Box 1680
> Wilmington, DE  19899-1680
>
> Joel E. Friedlander
> Bouchard, Margules & Friedlander, P.A.
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE  19801

/s/ Susan W. Waesco
Susan W. Waesco (#4476)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200