IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD TANSEY and WARREN PINCHUCK, suing derivatively on behalf of DUKE ENERGY CORPORATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>JAMES E. ROGERS; MICHAEL G. BROWNING; G. ALEX BERNHARDT, SR.; ANN MAYNARD GRAY; JAMES T. RHODES; JAMES H. HANCE, JR.; WILLIAM BARNET, III; PHILIP R. SHARP; DANIEL R. DIMICCO; JOHN H. FORSGREN; and E. JAMES REINSCH,<br><br>        Defendants,<br><br>    and<br><br>DUKE ENERGY CORPORATION,<br><br>        Nominal Defendant. | Civ. No. 12-1049-RGA (Consl.) |

**MEMORANDUM**

Pending before the court is Richard A. Bernstein's Motion to Intervene and Stay this Derivative Action in Deference to Parallel Derivative Suit in Delaware Court of Chancery. (D.I. 90). Bernstein is the lead plaintiff in the derivative action pending in the Court of Chancery captioned *In re Duke Energy Corporation Derivative Litig.*, Cons., C.A. No. 7705-VCG. (*Id.* at 1). Plaintiffs in this action oppose the Motion, whereas Defendants have remained neutral except to comment that they would welcome a stay. (D.I. 98, 99). For the reasons set forth below, Bernstein's Motion is DENIED.

1

## I. BACKGROUND

On July 31, 2012, Bernstein filed an amended shareholder derivative complaint in the Court of Chancery on behalf of Duke Energy Corporation (the "State Derivative Action"). The amended complaint asserted only state law claims for breach of fiduciary duty and did not assert any federal claims. (D.I. 99 at 4).

On August 17, 2012, Plaintiff Tansey filed a complaint in this court, asserting federal question jurisdiction arising under 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (D.I. 1). Plaintiff Pinchuck filed a similar complaint on October 26, 2012, asserting federal question jurisdiction arising under 28 U.S.C. § 1331. (D.I. 99 at 5). Both complaints alleged claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") for dissemination of a materially misleading proxy statement, and state law claims for breach of fiduciary duty. The actions brought by Plaintiff Pinchuck and Plaintiff Tansey were later consolidated into the present action (the "Federal Derivative Action"). (D.I. 62).

On May 17, 2013, this court granted Defendants' motion to stay the Federal Derivative Action in favor of a related securities class action that was pending in the Western District of North Carolina captioned *Nieman v. Duke Energy Corporation*, No. 3:12-cv-00456-MOC-DSC (the "Securities Class Action"), on the grounds that Plaintiffs' complaints asserted the same allegations that underlie the Securities Class Action. (D.I. 60). The Court of Chancery granted a similar motion by Defendants to stay the State Derivative Action in favor of the Securities Class Action. (D.I. 91-1, Ex. 1 at 4).

On July 26, 2013, a magistrate judge issued a memorandum and recommendation denying Defendants' motion to dismiss the Securities Class Action. (D.I. 99 at 1-2). Defendants initially objected to the magistrate judge's recommendation but opted to withdraw their objections to

engage in settlement discussions. (*Id.* at 2). Over two years later, on August 12, 2015, the Securities Class Action settled for more than $146 million. (*Id.*). Final judgment was entered on November 2, 2015. (*Id.*).

On November 6, 2015, the Court of Chancery lifted the stay in the State Derivative Action in light of the entry of final judgment in the Securities Class Action. On December 2, 2015, this court lifted the stay in the Federal Derivative Action for the same reason. (D.I. 76). Plaintiffs filed their Verified Consolidated Amended Shareholders' Derivative Complaint (the "Amended Complaint") on December 21, 2015. (D.I. 77). The Amended Complaint added claims for contribution under Section 21D and Section 10(b) of the Exchange Act. (*Id.*).

Before the stay was lifted, the North Carolina Superior Court, in April 2014, dismissed another shareholder derivative action captioned *Krieger v. Johnson*, 12-CVS-13727, holding that demand on the Duke Energy Board was required and was not futile. (D.I. 91-1, Ex. 1 at 3). Defendants believe that the *Krieger* decision collaterally estops both Plaintiffs in the Federal Derivative Action and Bernstein in the State Derivative Action from re-litigating the issue of demand futility. (*Id.*). Accordingly, Defendants moved to dismiss both actions for failure to state a claim and failure to plead demand futility. (D.I. 84; D.I. 98, Ex. A at 1).

Bernstein protested in the Court of Chancery that Defendants have not moved to stay the Federal Derivative Action in favor of the State Derivative Action, as Defendants led them to believe would happen before the earlier stay was implemented. (D.I. 91-1, Ex. 1 at 4-5). Defendants explained that circumstances had changed since they first suggested they might stay this action in favor of the State Derivative Action. (D.I. 98, Ex. A at 2-3). Specifically, Plaintiffs filed the Amended Complaint, which contained additional federal securities claims under the Exchange Act that did not overlap with the state law claims, and which this court has "exclusive

3

jurisdiction" pursuant to 15 U.S.C. § 78aa(a) to decide. (*Id.*). In addition, Defendants asked this court to decline to exercise supplemental jurisdiction over the state law claims if the federal securities claims are dismissed. (*Id.* at 4). Finally, Defendants stated that if Bernstein disagreed with their litigation strategy, nothing prevented Bernstein from seeking to intervene to request a stay. (*Id.*). In the meantime, the parties in the Federal Derivative Action have completed briefing on Defendants' motions to dismiss and requested oral argument. (D.I. 84, 92, 96, 97).

## II. STANDARD OF REVIEW

A party may intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2) if he demonstrates: "first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." *In re Johnson & Johnson Derivative Litig.*, 900 F. Supp. 2d 467, 475 (D.N.J. 2012) (quoting *In re Bank of New York Derivative Litig.*, 320 F.3d 291 (2d Cir. 2003)), *app. dismissed*, No. 12-4318 (3d Cir. Jan. 15, 2014).

In addition, the court has broad discretion to permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *United States v. Territory of Virgin Islands*, 748 F.3d 514, 524 (3d Cir. 2014). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).

## III. DISCUSSION

### A. Intervention as of Right

In a derivative action, the real party in interest is the corporation. *Ross v. Bernhard*, 396 U.S. 531, 538 (1970). Shareholder-plaintiffs are asserting a corporation's right to seek redress for a harm to the corporation, and any recovery in a derivative action belongs only to the corporation. *Id.*; *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1308 n.4 (3d Cir. 1993); *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1036 (Del. 2004). Because a derivative claim does not belong personally to the shareholder-plaintiff, "the identity of the specific representative shareholder plaintiff is not a paramount concern." *In re MAXXAM, Inc./Federated Dev. Shareholders Litig.*, 698 A.2d 949, 956 (Del. Ch. 1996).

Thus, Bernstein and Plaintiffs have, by definition, the same interest. *In re Ambac Fin. Grp., Inc., Derivative Litig.*, 257 F.R.D. 390, 393 (S.D.N.Y. 2009) ("Plaintiffs and other shareholders who seek to join a derivative action as plaintiffs share an identity of interest almost by definition...."). "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented...." *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 315 (3d Cir. 2005) (quoting *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)). "To overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit." *Id.* Courts have also granted intervention in a derivative action where the original plaintiff never had proper standing or lost standing due to the continuous and contemporaneous ownership requirement. *See Steiner v. Meyerson*, 1997 WL 349169, at *5 (Del. Ch. June 13, 1997); *In re MAXXAM*, 698 A.2d at 955. Bernstein has not alleged the existence of any of these potential infirmities.

5

Instead, Bernstein argues that the federal securities claims are likely to be dismissed on the grounds asserted in Defendants' pending motion, leaving only the state law claims that should be decided by the Court of Chancery. (D.I. 90 at 3-4, 11-16). Bernstein's argument, however, is based on speculation. At this juncture, the well-pleaded allegations of the Amended Complaint are accepted as true and all inferences are viewed in the light most favorable to plaintiff. *In re Wilmington Trust Sec. Litig.*, 29 F. Supp. 3d 432, 444 (D. Del. 2014).

Ultimately, Bernstein seeks intervention so he can ask the court to stay this action in favor of the State Derivative Action, something Defendants have declined to do. Bernstein essentially has a disagreement with the parties as to litigation strategy, which is not a sufficient basis to find that Plaintiffs do not adequately represent the corporation's interest in the litigation. *In re Johnson & Johnson Derivative Litig.*, 900 F. Supp. 2d at 477. Because Bernstein has not met his burden of demonstrating that Plaintiffs do not adequately represent the interests of corporation, Bernstein has failed to demonstrate that he has a right to intervene.

### B. Permissive Intervention

The court also declines to exercise its discretion to permit intervention so that Bernstein may pursue a stay of the Federal Derivative Action. Contrary to Bernstein's assertion, the Federal Derivative Action and State Derivative Action are not entirely parallel. (D.I. 90 at 5). Rather, Plaintiffs have asserted in this court federal securities claims and state law claims and Bernstein has asserted in the Court of Chancery only state law claims. This court has "exclusive jurisdiction" to decide federal securities claims brought pursuant to the Exchange Act. 15 U.S.C. § 78aa(a). The Supreme Court has made clear that federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 817 (1976). The Third Circuit has reversed a trial court that abstained from deciding

federal securities claims in favor of overlapping common law fraud claims being pursued in a state action. *Riley v. Simmons*, 45 F.3d 764, 773-74 (3d Cir. 1995). Accordingly, the court declines to exercise its discretion in favor of permissive intervention, which will only delay resolution of the federal securities claims.

## IV. CONCLUSION

For the foregoing reasons, Bernstein's motion to intervene (D.I. 90) is DENIED. Because intervention has been denied, the court will not consider Bernstein's request to stay this action. An appropriate order will be entered.

Dated: June 27, 2016

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE